

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| JEFFREY JOHNSON, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 6:17-cv-00285-LSC |
| ) | |
| KENNETH B. KILPATRICK, *ET AL.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OF OPINION

Before the Court is **Defendant Kenneth B. Kilpatrick's ("Kilpatrick")** motion for leave to amend answer, filed February, 27, 2018. (Doc. 26.) Plaintiff **Jeffrey Johnson, Sr. ("Johnson" or "Plaintiff")** timely filed a response (doc. 28) to **the Court's** March 8, 2018 Order to show cause as to why the motion should not be granted. For the reasons set forth below, Kilpatrick's motion is due to be DENIED.

I. BACKGROUND

Plaintiff filed suit filed on February 22, 2017, claiming damages for negligence and wantonness he sustained from of a collision that occurred between his vehicle and Kilpatrick's vehicle on a snowy day in February 25, 2015. (Doc. 1.) On May 4, 2017, Kilpatrick filed his answer in which he denied liability for

Plaintiff's injuries and raised twelve (12) defenses,[1] none of which would have placed Johnson on notice that immunity would be asserted as defense. (Doc. 7.) On June 13, 2017, the Court entered a Scheduling Order setting the deadline for causes of action and parties to be added by plaintiff as September 26, 2017, and providing that "[n]o defenses or claims may be added by defendant after [October 26, 2017]. (Doc. 12.) Neither party requested an enlargement of time for the period of filing motions to amend the pleadings in advance of the ordered deadlines. On December 13, 2017, Kilpatrick filed a motion for summary judgment—which he based primarily on immunity under Alabama's Volunteer Service Act. Ala. Code §6-5-336 (1975).[2] (Doc. 18.) On February 9, 2018 Plaintiff filed a motion for

---

[1] Kilpatrick asserted failure to state a claim upon which relief can be granted, contributory negligence, assumption of the risk, last clear chance, no basis for punitive damages, statutory cap, due process clauses under the 8th and 14th Amendments.

[2] Alabama's Volunteer Service Act provides in pertinent part:

> (c) For the purposes of this section, the meaning of the terms specified shall be as follows:
> […]
>     (3) Nonprofit organization. Any organization which is exempt from taxation pursuant to Section 501(c) of the Internal Revenue Code, 26 U.S.C. Section 501(c), as amended;
>     (4) Volunteer. A person performing services for a nonprofit organization, a nonprofit corporation, a

summary judgment of his own. (Doc. 24.) Briefing for the summary judgment motions is already well underway and trial is set for September 17, 2018.

II. STANDARD

District courts are required to enter scheduling orders which place limitations on "the time to join other parties, amend the pleadings, complete discovery and file motions." Fed. R. Civ. 16(b)(3)(A). The order is controlling unless it is modified by a subsequent order. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause standard precludes modification unless the schedule cannot 'be met despite

---

> hospital, or a governmental entity without compensation, other than reimbursement for actual expenses incurred. The term includes a volunteer serving as a director, officer, trustee, or direct service volunteer.
> 
> (d) Any volunteer shall be immune from civil liability in any action on the basis of any act or omission of a volunteer resulting in damage or injury if:
> > (1) The volunteer was acting in good faith and within the scope of such volunteer's official functions and duties for a nonprofit organization, a nonprofit corporation, hospital, or a governmental entity; and
> > (2) The damage or injury was not caused by willful or wanton misconduct by such volunteer.
> 
> § 6-5-336 Code of Alabama, 1975.

the diligence of the parties seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) (citing Fed. R. Civ. P. 16 advisory comm. note). "If a party was not diligent, the [good cause] inquiry should end" *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.* 975 F.2d 604, 609 (9th Cir. 1992)). As such, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609 (citations omitted). The party seeking relief from the scheduling order bears the burden of establishing good cause and diligence. *See, e.g., Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3rd Cir. 2010) ("Rule 16(b)(4) focuses on the moving party's burden to show due diligence.").

III. DISCUSSION

Immunity is an affirmative defense that a defendant must plead and prove under both Federal and Alabama law. *See Gomez v. Toledo*, 446 U.S. 635, 639-40 (1980) (good faith and qualified immunity must be pled by defendant); *see also* Fed. R. Civ. P. 8 (c) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense"); *see Lightfoot v. Floyd*, 667 So. 2d 56, 64 (Ala. 1995); *Phillips v. Thomas*, 555 So. 2d 81, 86 (Ala. 1989); *see also* Rule 8, Ala. R. Civ. P. (c). ("In pleading to a preceding pleading, a party shall set forth affirmatively . . .

and any other matter constituting an avoidance or affirmative defense."). Consequently, "the failure to plead [] immunity may result in a waiver of the defense." *Moore v. Morgan*, 922 F.2d 1553, 1557 (11th Cir. 1991); *See Ex Parte Dixon Mills Volunteer Fire Dept., Inc.*, 181 So. 3d 325, 330 (Ala. 2015) (immunity provided under the Volunteer Service Act is an affirmative defense).

The Eleventh Circuit has noted that "[the] Supreme Court has held that the purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it." *Grant v. Preferred Research, Inc.*, 885 F.2d 795, 797 (11th Cir. 1989) (holding that a plaintiff was not prejudiced by a defendant's failure to raise the statute of limitations as an affirmative defense when it raised the defense in a motion for summary judgment a month before trial and plaintiff did not assert any prejudice from the lateness of the pleading); *See also Tounzen v. S. United Fire Ins. Co.*, 701 So. 2d 1148 (Ala. Civ. App. 1997) (trial court did not abuse discretion in refusing to allow defendant to amend answer to include affirmative defense). Alabama Rule of Civil Procedure "8(c) provides that affirmative defenses 'shall' be raised in a responsive pleading; generally, when a party has failed to plead an affirmative defense, it is deemed to have been waived by operation of Rule 8(c)." *Id.* (citing *Harrell v. Pet, Inc., Bakery Div.*, 664 So. 2d 204 (Ala. Civ. App. 1994))).

In his motion to amend, Kilpatrick argues that "the undisputed evidence adduced by the deposition testimony of Defendant, Kenneth B. Kilpatrick, on October 24, 2017, and the affidavit of Rick Moody of December 11, 2017, establishes that Kilpatrick is immune from liability under The Alabama Volunteer Services Act." (Doc. 26 at 2.) Kilpatrick's motion relies on Fed. R. Civ. P. 15(b)(1), and asserts that "amendments of pleadings may be allowed by the Court[, which] should freely permit an amendment when doing so will aid in the presenting the merits of the case." (*Id.*) However, the Federal Rules of Civil Procedure are clear that litigation deadlines fixed via a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Additionally, Kilpatrick states only a portion of Rule 15(b)(1) in his motion. The portion of the rule omitted goes on to say, ". . . and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence." Fed. R. Civ. P. 15(b). As explained below, Plaintiff has satisfied the Court that it would be severely prejudiced should the motion to amend be granted.

Plaintiff argues that Kilpatrick has waived immunity by failing to assert the affirmative defense in his initial pleading or within a reasonable time thereafter.

Plaintiff argues that the immunity statute upon which Kilpatrick would rely provides in relevant part,

> In any suit against a nonprofit organization, nonprofit corporation, or a hospital for civil damages based upon the negligent act or omission of a volunteer, proof of such act or omission shall be sufficient to establish the responsibility of the organization therefor under the doctrine of **"respondeat superior," notwithstanding the immunity** granted to the volunteer with respect to any act or omission included under subsection (d).

Ala. Code §6-5-336(e).

Plaintiff asserts that it would be prejudiced if Kilpatrick were able to amend his answer a full four months after the scheduled deadline for amending pleadings for several reasons. First, **Plaintiff is "now barred from joining additional parties** and has lost the opportunity to join the Houston Volunteer Fire Department [("the Department")] as the entity responsible for the negligence of its volunteer Kilpatrick." (Doc. 28** at 4.) Next, Plaintiff contends that even if the Court, in the alternative, were to allow him to amend his complaint, the statute of limitations has now run on any negligence claim he might have been able to assert against the Department. Finally, Plaintiff points out that discovery is complete. Unaware of **the immunity claim when taking Kilpatrick's deposition, Plaintiff** made no inquiry into the facts relevant to the defense. Additionally, the March 26, 2018 discovery

cutoff has already passed and re-conducting of discovery would be costly—both monetarily and time-wise. Plaintiff avers that the prejudice he would suffer could have been avoided had Kilpatrick exercised due diligence. The Court agrees.

IV. CONCLUSION

Kilpatrick has waived his defense of immunity under the Alabama Volunteer Service Act for failing to raise it in his answer as an affirmative defense or within a reasonable time thereafter. **For the reasons set forth above, Kilpatrick's motion is due to be DENIED.** A separate Order consistent with this Opinion will be entered contemporaneously herewith.

DONE and ORDERED on April 19, 2018.

_____
L. Scott Coogler
United States District Judge

190685